SUGG, Justice,
for the Court:
Jessie Richmond died on March 31, 1978, as a result of a collision between the automobile in which he was riding and a train. Two brothers, two sisters and the children of a deceased sister of Richmond filed a petition in the Chancery Court of DeSoto County to determine the heirs of Richmond and named as defendant, Ella Lee Dickens Jackson, an adult nonresident of Mississippi whose residence, post office and street address was 416 Howard Street, Grand Rapids, Michigan. Process was served on the defendant by publication and the defendant having failed to answer, a final decree was rendered September 12, 1978, holding defendant was not an heir of Jessie Richmond but that his brothers, sisters and children of a deceased sister were his heirs. On February 7, 1979, the chancellor signed an order directing that a certified copy of the final decree be sent to Ella Lee Jackson by registered mail with return receipt requested. On February 12, 1979, Ella Lee Jackson signed a receipt for certified mail from the Chancery Clerk of DeSoto County.
On August 2, 1979, Etta, Lee Jackson Richmond filed a petition requesting a rehearing of the petition to determine the heirs of Jessie Richmond and also prayed for other relief. The petition for rehearing came on for hearing and Ella Lee Jackson testified that her maiden name was Etta Lee Dickens. She testified that she married Jessie Richmond in Lafayette County on December 14, 1946, and introduced a certified copy of a marriage license showing that Jessie Richmond and Etta Lee Dickeys were married on December 14, 1946. Defendant then testified that she married Er-ris Jackson in Michigan in 1955, lived with him six years, that two children were born to the marriage, and thereafter she divorced Erris Jackson. She also testified that her employer in Grand Rapids called her by the name of Ella. Her Social Security card was introduced in evidence signed Ella Jackson which was signed by her in 1956. A Michigan temporary operators permit was introduced showing her name as Ella Jackson, 416 Howard, Grand Rapids, Michigan. She testified that she signed the temporary operators permit as Ella Jackson, the date of the permit being April 25, 1975.
Defendant admitted that she received a certified copy of the decree adjudicating the heirs of Jessie Richmond, but claims she was entitled to a rehearing because the letter containing the decree was addressed to Ella Lee Jackson instead of Etta Lee Richmond. The proof is overwhelming that defendant had adopted, and was using, the name of Ella Lee Jackson in her business affairs and was generally known by that name in Grand Rapids, Michigan where she lived. In State Board of Dental Examiners v. Mandell, 198 Miss. 49, 21 So.2d 405 (1945), we said:
The name by which a person is generally known, although not his original name, but used by him in all of his business *1005 affairs becomes his legal name and is not a fictitious name. (198 Miss. at 67, 21 So.2d at 410)
We hold that defendant was properly served with a copy of the decree under the name of Ella Lee Jackson.
The chancellor held that defendant was not entitled to a rehearing because she filed her petition for rehearing more than three months after the date of the service of the final decree on her. Section 11-5-89 Mississippi Code Annotated (1972) provides:
Decrees against nonresident, absent, or unknown defendants, rendered upon proof of publication only, without such defendant having appeared, shall be final and conclusive from the date of rendition, unless a rehearing shall be applied for within one year thereafter; but if the complainant shall serve a copy of said decree on the defendant within six (6) months of its rendition, a rehearing shall be applied for within three (3) months after the date of such service. But decrees for divorce, or for the sale of property, in the administration of the estates of decedents, or on petitions of guardians, or in any other case in which it is so provided by law, are not included in the provisions of this section for rehearings.
The statute does not prescribe the method for serving a copy of a decree on nonresident, absent, or unknown defendants. Sections 13-31-1, et seq., Mississippi Code Annotated (1972) provide for service of summons and subpoenas but contain no provision for service of a decree under section 11-5-89. Section 13-3-101 Mississippi Code Annotated (1972) provides that subpoenas for witnesses shall be served personally as a summons is required to be served, but section 11-5-89 does not contain such a provision. Since the legislature did not prescribe a method for serving a certified copy of a final decree on nonresident, absent, or unknown defendants, a chancellor may order service of such decree in any manner which affords a defendant due process. In this case the chancellor directed service by certified mail with a return receipt requested.
In compliance with the order, a certified copy of the final decree was sent to defendant by certified mail within six months after the final decree was rendered, defendant received the certified copy of the decree within six months, signed a receipt acknowledging delivery, and the receipt appears in the court file. We are of the opinion that service of a certified copy of the final decree on the defendant in this case in the manner set forth above satisfies the requirements of section 11-5-89 and afforded defendant due process. We therefore hold that service of a certified copy of a final decree on a nonresident defendant under section 11-5-89 is sufficient when a copy of the decree is sent to a defendant by certified mail and a receipt signed by the defendant acknowledging delivery is returned to the clerk of the court and filed in the cause.
Defendant did not apply for a rehearing for more than six months after receiving a certified copy of the final decree. We therefore hold that her petition for rehearing was properly dismissed by the chancellor under the provisions of section 11-5-89 Mississippi Code Annotated (1972).
AFFIRMED.
PATTERSON, C. J„ SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.